Mr. Stender? Good morning, my name is Christopher Stender, I'm representing the petitioner Victor Manuel Lopez-Ruiz. I'd like to cover four points before the court today. The first is the burden of proof regarding the issue of deportability. The second is the amendment to the order of conviction and also the impact of this court's decision in NAAF. Third is whether the petitioner was eligible for registry. And lastly, the motion to remand, which was filed before the board, which implicated the application and eligibility for registry. In this matter, the immigration judge used a conviction record which we would put forth was defective. It was defective in that, although the judgment of conviction in 1974 does state that the petitioner was convicted of transportation of marijuana and possession for sale of marijuana, there is a pre-sentence report which specifies that he entered a plea for possession of marijuana. That offense, of course, would be subject to modification, to expungement, and under Lujan Armendariz could be expunged and would not be considered by the immigration court in his proceedings if that, in fact, were the case. Nonetheless, the immigration judge accepted the evidence, and even though the burden of proof was on the government, the immigration judge found by clear, convincing, and unequivocal evidence, which is a standard that the government must meet under would-be V.I.N.S., that the evidence was sufficient. Sotomayor, what is the burden on the government when the issue has to do with eligibility for relief? Well, I think my first argument on that, Your Honor, is it's a question of deportability or as now it's called removability. I think that burden is always on the government. And initially, and I don't think this is the case. Well, sure, removability is, but relief from it, however you characterize it, is not. Right? The Court has decided in Sanlival, Lua, that in a case where the conviction document itself is unclear, that the alien, the petitioner, can prevail and show that he is eligible for relief, that in that case, that the conviction was not for an aggravated offense. Well, the conviction isn't unclear here. That's the problem. I mean, it isn't unclear. Well, I would like to look at the three pieces of evidence that were called into question. And I think, therefore, you know, the discrepancy initially arose over the conviction document, which on its face, it's out of Arizona. It's a judgment and a JNC judgment and conviction, which included a sentence. That record was issued in 1974. Okay. And what's the conviction for? It states that the petitioner pled guilty to the crime of possession of marijuana for sale. Excuse me if I'm getting too loud here. Sorry about that. At that point, perhaps if that's all the evidence that was of the record, it is clear. But there's a second piece of evidence, which is the pre-sentence report. And admittedly, that goes outside the record of conviction and what is properly considered normally, but it is some evidence. Now, based on that evidence, the petitioner submits a motion to correct, a motion to amend the order, arguing that it's not clear what I was convicted of. 1974 is a long time from today. My recollection, when I thought, was possession of marijuana. The order is submitted to the court, and the court issues a judgment. Okay, but the court doesn't change that. What the court does is it dismisses it under the question then is, was it a rehabilitative statute or, you know. And so, it seems to me then, why everything, why isn't it a rehabilitative statute? If it was just a dismissal under a rehabilitative statute, you lose, right? Possibly, although the court doesn't amend it. When you ask the court to amend it to a different charge, the court doesn't do that. The court dismisses it under a statute. So, it seems to me that that doesn't help your argument that somewhere in a probation report, it says it's another charge. I mean, what I'm looking at is he's convicted of the possession for sale. He asks to have it amended to correctly reflect what he thinks he was convicted of. The court doesn't do that, but the court dismisses it under a statute. If that statute's a rehabilitative statute, you lose. If you can show otherwise, you don't. Well, we only lose if the government shows that it was for rehabilitative purposes, and that's what NAAF holds. We're under no burden whatsoever to come forward with evidence on petitioner's behalf to show the basis for which it was submitted. The government, excuse me, the government, I'm sorry, is there a question? I want to respond, but. What case authority says that when an alien is seeking relief from removal, that it's the government's burden? To do what, Your Honor? The government's burden to show anything. If the alien is seeking relief from removal, what case says it's the government's burden to establish anything? The case on point is Sandoval-Lua, and it says if the conviction document is unclear in some manner, that the alien can prevail as far as relief is concerned. Well, that's a different issue. The point is the government has, the first question is who has the burden of proof? Sandoval-Lua indicates that the government does not, that the alien has the burden of proof, and what it says is, well, if the record is inconclusive, the alien can still win. That gets to Judge Callahan's point that this isn't inconclusive. Well, I would point out, and I think I'm going to confuse the Court because I have two arguments. One is the original burden of proof that's on the government to show by clear convincing and unequivocal evidence. I don't think that burden was met in this case where there's been some amendment to the order. The government's burden to show what? Removability as charged in the notice to appear? Right. And so the government meets its burden by showing there's been a conviction.  To show he's entitled to relief. The government doesn't keep the burden once it's shown that, once it has established that the alien is removable. Then the government has met its burden. Then it's the alien's burden to show that he's entitled to relief from removal. Correct. And understand, Sandoval-Lua, if the conviction document is inconclusive, the alien can prevail. The burden is on the alien, I think, at that point to show some evidence that the conviction document is unclear, or at least make that argument. And I think that was clearly the case here. The government brief in this matter agrees that the Arizona court order does not state the law under which the conviction was vacated. There is a rehabilitative statute in Arizona, it's section 13907, that is not cited in the motion as the basis by the alien to vacate the conviction. And that statute is not cited by the Arizona court when it vacates the judgment. That is good enough. And under NAF, the burden of proof on that matter rests squarely with the government. It does not rest with the alien. There is some... What burden rests with the government? The burden is whether or not the basis for the vacation of the order rests with the government. What case is that? NAF, N-A-T-H, NAF v. Gonzales. There's another case which has a more difficult citation. It just speaks to removability. It doesn't speak to relief. That's the problem we're having. Well, that kind of says my first argument. I mean, the statute, the regulations, and Sandoval all say that discretionary relief is something on which the alien bears the burden. Well, I would make two arguments there. I think it goes back to my original argument. Then it calls into question, was he properly removable at all by clear and convincing and unequivocal evidence? If you don't have a valid conviction, if it's been vacated out of Arizona, then he's not removable to begin with at all. Secondly, if we come to relief and the conviction document is unclear, which I think is true here in the record, and the government concedes that the Arizona court which orders the vacation doesn't say under which statute they vacated, how can that be clear and convincing and unequivocal evidence? And if it's not under Sandoval Lua, the alien prevails and he's eligible for relief. Okay. Didn't the superior court dismiss the charges and restore the civil rights pursuant to ARS 13-905 through 13-912? There's three orders. In the last order, yes, that's true. Okay. Well, then doesn't that tell us under what statutes the court acted? Well, those statutes are for restoration of civil rights. That comes in the third order. The first two orders do not cite the basis for which the court enters its order. Well, don't we look at all the orders together? I think you can, except for the statutes that are cited are specific to that one paragraph in the order. The motion itself was made not under any rehabilitative statute. It was for correction of the order of conviction. That's not what you got. That's not what you got. You asked for amendment of the record to reflect a conviction of possession of marijuana and not conviction of possession of marijuana for sale. That's not what you got. You got the restoration of civil rights and vacation of the conviction. Correct. And what we got is a vacation of the order in the first paragraph and it doesn't say under 13-907 and it doesn't say that it was for rehabilitative purposes. So, therefore, you cannot make that, the court should not make that assumption. Well, it's not an assumption because the court specifically said that they were restored pursuant to 13-905 through 13-912. Didn't make any indication that there was an error in the prior order of conviction. There's nothing in the record indicating that the court felt a compulsion to correct the conviction. I would just again point out that those statutory citations are limited to the paragraph which refer to restoration of civil rights. The first paragraph. What is there in the other two paragraphs that in any way suggest that the vacating the conviction was because of the substantive defect? Well, again, I would get to that goes to Nath and it's not the alien's burden to show the basis. If there's no basis, there's no basis. That's all. Doesn't matter whose burden it is. If there's nothing in the record, it doesn't matter. I think this court should look at the Arizona order at face value. It says order granting the application vacating the judgment of guilt in its entirety entered against the defendant on January 4, 74 for the felony offense. What the statute calls for doing. You know, it seems really clear to me that what the judge here did was just say, oh, I've got an application to modify. Never mind. He's eligible to have it vacated. Most people would rather have it vacated than to modify. So I'm just going to do it. The issue is a form of order vacating. I mean, now I can say it's not convicted of a felony. Of anything. I mean, that's what most people would have wanted to have happen. Except if you're an alien. Even his application, most favorably construed, isn't substantive in the sense of saying there was some kind of constitutional infirmity in my – in the proceedings. Irrespective of the burden of proof, I agree and I understand that. However, I think if the order is unclear, it shouldn't be read to the detriment of the alien in this matter. Okay. Looking to the issue of burden of proof, if the government has to proceed on this evidence and say, okay, what basis was this order entered, it's unclear. And under NAF, if the government has the burden to prove that it was not for rehabilitative or immigration purposes, they cannot sustain their burden, then the Petitioner would prevail on that matter. I'm just going to briefly, because I'd like to reserve – If the government doesn't – if we disagree with you and the government doesn't have the burden, do you lose then? Under NAF, if – Well, if we say that you had the burden.  Then do you lose? Yes. Arguably, yes. Because I think the record itself is unclear. If the burden is on the alien, we couldn't prove it based on what's before the Court today either. Correct. Registry, and this gets back to what relief would be available, the Respondent would – excuse me, the Petitioner would be eligible for registry. He did enter prior to 1972. He had continuous residence. He's not ineligible for citizenship. And he has to show good moral character. The conviction, since it occurred prior to November 29, 1990, no matter what it was for, would not be considered an aggravated felony. He could show good moral character prior to the application of registry. That's all he has to show. And he has shown prima facie eligibility. We believe that the Board has abused its discretion by not remanding the case to the immigration judge for the consideration of the registry application. Also that they abused their discretion by not remanding so that the record could be further clarified when the immigration judge relied on a conviction record and conviction documents, which are ambiguous and vague. Do you want us to take a break? Just pause. While we're waiting, could you get the NAF case before you? Why don't you stop the clock? Do you have the NAF case? I didn't bring it. And I was counsel of record in 1992. You didn't bring a case that you're reliant on him now? It's my case, and I didn't bring it, Your Honor. So thank you. You'll wait. I have it. Do you want it? I have it. Oh, okay. I was going to ask him something about it. Since I did the case, I assumed that I would know the facts of it, so I didn't bring it, but I didn't have the citation. Do you want to borrow mine? Opposing counsel gave it to him. I didn't have the bark to lend me a copy. Yeah, this got everyone so excited. I apologize. I just had a question about NAF and why you think that's controlling precedent in this case. On page 1189 of NAF, the court states that the conviction in NAF was vacated for good cause without further explanation, no reference to statutes or anything else. And so for that reason, the court said there was no explanation given. So do you think that controls the facts of this case? I think it does, because just after that, it states quite clearly, it is unclear from the record why NAF's original conviction was vacated by the Superior Court of Stanislaus County. Right, because it just said it's vacated for good cause with no citation to any statutes or anything, but that's not what we have here. I respectfully would argue that it's not distinguishable on that basis. The record is not clear why it was vacated, and therefore, with the burden of proof being assigned to the government, the alien would prevail in this matter. I understand your argument. Thank you. I'd like to reserve the balance of my time. May it please the Court. My name is Manny Evans. I represent the government on this matter. If I could respond initially to Judge Rollinson's question about construing the 2005 State court order, I'd just point out that, in fact, in the very caption of the order, it says, application for restoration of civil rights of. And I think that the caption tells you what the Court had in mind in everything it was doing in that document. I'd also point out that the motion filed was a pro se motion that's at page 91 of the record. So, of course, the State court judge probably is saying, well, what does this fellow really want, as opposed to examining his submission of the pre-sentence report unaccompanied by anything else, unaccompanied by declarations describing any defect in those proceedings in 1974? There was no claim that his trial counsel didn't explain to him what the consequences of his guilty plea would be. I think that what we have here is a very clear situation where the. Well, if it were that easy that you could come in and say I wasn't convicted of something, could you change it? That when the abstract says something else, a lot of people would be coming in. That's absolutely correct, Your Honor. I think the Court has to rely on the documents that are in the record, especially when they're as clear as they are here. There are other indicia that the State court did not find any substantive defect in this case. Unlike in NAFT, we have the motion to amend in this case. The motion to amend did not assert a substantive defect. It simply offered the pre-sentence report and said nothing about any constitutional problem with the case. Another indication that there was no defect in the 1975 or 1974 conviction was that the, well, as I mentioned, the caption. Well, I think the probation report, too, I noticed it said that the person said what he was charged with but then said that he pled guilty to one of the marijuana charges. Isn't that what the probation report says? I believe that's correct, Your Honor. One of the possession of marijuana charges. It just doesn't, it just says one of the. It's not clear if the probation report was simply mistaken or if they were using shorthand or what. But if that's the only document that the alien is relying on to undermine the judgment of conviction that says possession for sale, that clearly is inadequate. The government certainly agrees with the Court's point about distinguishing NAFT. In this case, there is no question about removability. At page 83 of the administrative record, the Aliens Counsel concedes he is here unlawfully. He entered without inspection. And he was also charged as removable based on the drug conviction. But removability is not an issue in this case because of his unlawful presence. What we really have here is someone who is trying to adjust his status, and he can't because his drug conviction is a bar to that. Because he's inadmissible as a. Based on the drug conviction. Right. And so then it would be his burden to show that he's not inadmissible. That is the government's position, Your Honor. As far as Sandoval Lew is concerned, the government also agrees with the Court's shift the burden to the government. What it said was the alien met his burden by coming forward with an ambiguous record. Now, the alien did not come forward with an ambiguous record in this case. What he came forward with was a record that basically makes the government's point here. So for all those reasons, the government believes that the 1974 judgment of conviction remains valid. It's for possession for sale. Therefore, the Federal First Offender Act has no application to this case because you cannot expunge a drug trafficking crime under that provision. So the alien remains inadmissible and therefore ineligible to adjust status. Regarding the questions about registry and remand, the first question here is whether or not the Court has jurisdiction. If we have an alien who is a criminal, a criminal drug trafficker, then we have the 1252A2C bar to further review. And I believe that that applies here. Now, subsection D of that provision also refers to questions of law. So you have a question of, well, do we have a question of law here or is it something else? The question about whether or not the Board abused its discretion in not remanding would seem to be a very discretionary-type decision. And the government would assert that the Court does not have jurisdiction to review that. Was this issue raised before the IJ? Was the registry potential raised before the IJ? Yes, it was, Your Honor. I believe that, in fact, the alien focused on that in his pleadings. Before the IJ or the BIA? Before the BIA. The only reason the BIA addressed the drug conviction was Lujan was cited in the notice of appeal. So your argument is that we don't have jurisdiction to review it because it's a matter of discretion? My argument is you don't have jurisdiction to review it because he's a criminal and the question of law exception does not apply because it was a discretionary determination. But don't we have jurisdiction to determine if he is a criminal and thereby ineligible for registry? That's a good question, Your Honor. I hadn't thought it through. We don't have jurisdiction to determine our jurisdiction. Of course, of course. And I wouldn't contest otherwise. But this was not a question about whether or not he was eligible. This was a question about whether or not the Board correctly exercised its discretion in not remanding the case. And the Board didn't remand only because he was ineligible. The Board also said you didn't ask for this before and you could have and you haven't shown us why you didn't. But that was my first question. I'm trying to figure out why it wasn't raised before the IJ and therefore, that precluded him from raising it. And you said it was raised before the BIA, so. If the BIA was going to consider it, it's hard for us to argue, I think, that it wasn't raised. But ---- So your argument is, because the BIA determined it was waived for failure to address it to the IJ, that we don't have jurisdiction to look at? Is that your argument? Yes, Your Honor.  And I would say that in Ramadan, which is the court session, I think you have to have a central decision interpreting the question of law exception to the lack of jurisdiction. The court actually said that, let's see, that the question of law provision did not restore jurisdiction over discretionary determinations. And that's at 479, Fed 3rd, 654. This Court subsequently has looked at some abuse of discretion-type questions. Garamani, a recent case, I believe, was willing to look at whether or not the Court should reopen. I think there was a tolling issue in that case. But the reason the Court got to the merits in that case was because it said there were no ---- there were no disputed facts. And therefore, it could look at the question as an issue of law. I believe there's a petition for rehearing pending in Garamani, and I don't believe that it controls in this case. Is this the argument you made in your brief? I believe that the government did assert lack of jurisdiction. On the basis that the motion to remand was denied on a discretionary basis? Your Honor, the contents of the brief don't spring to mind right off. I didn't write it. I didn't find your argument a little bit. If I did, Your Honor, I would simply say the Court always has to look at its jurisdiction, so perhaps I am allowed a little leeway on that. For all these reasons, unless the Court has further questions, the government would ask to submit that the Court deny the petition for review in this matter. Thank you very much. Mr. Stender? Yes. Just briefly in rebuttal, I'd like to point out that an effort was made by the alien to find further information and refine what basis that he was actually convicted under. There is a letter in the administrative record from a court reporter in Arizona. It's on page 98 of the car. It says, Please be advised that after a search for the above notes, the notes cannot be found. Perhaps the clerk's minutes would be helpful. So there was some effort by the alien to try to determine what he was convicted of prior to finding the motion to amend the record. There is no other record and evidence than what has been submitted before the court, before the I.J. and before the BIA and before this Court. I would also note that counsel before the I.J. did raise the issue for the basis why he was challenging the conviction. It was really two-fold. He said, one, there's an issue whether he was convicted actually for possession for sale or whether it was simple possession. That's on page 73 of the certified administrative record. And he also argued that it was ineffective assistance of counsel and a due process issue. So those issues were raised. Lastly, the jurisdictional element. The BIA did consider the registry eligibility in the merits of its decision. I think, therefore, this Court would have jurisdiction to consider registry since the Board considered it in full in its opinion. And if there are no questions, I have nothing else to add. OK, thank you, counsel. Thank you. The matter to start would be submitted and the Court will stand adjourned for three minutes. All right. This Court for this session stands adjourned.
judges: Rymer, Rawlinson, Callahan